**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

TYRIQ BROCKINGTON,

              Plaintiff

    v.

SECURITY CAPTAIN, *et al.*

              Defendants.

CIVIL ACTION NO. 3:26-CV-01313

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is a complaint filed by Plaintiff Tyriq Brockington ("Brockington"). (Doc. 1). Also pending is Brockington's motion for leave to proceed *in forma pauperis*. (Doc. 2). The Court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915A, dismiss the complaint, and grant Brockington leave to file an amended complaint.

**I.**    **BACKGROUND AND PROCEDURAL HISTORY**

The Court received and docketed Brockington's undated complaint on May 14, 2026. (Doc. 1). This complaint names the following five defendants: (1) Security Captain, Captain at SCI-Coal Township; (2) CO I Murphy ("Murphy"), Correctional Officer at SCI-Coal Township; (3) Lt. Gardner, Lieutenant at Sci-Coal Township; (4) Sgt. Haines, Sergeant at SCI-Caol Township; and (5) Superintendent Mcginley, Superintendent of SCI-Coal Township. (Doc. 1, at 2-3).

In the complaint, Brockington alleges that on March 12, 2026, Murphy purposely gave Inmate Lark his legal mail. (Doc. 1, at 4.) Brockington states that this is a violation of legal mail procedure, a federal offense, and a violation of his First and Fourteenth Amendment

rights. (Doc. 1, at 4-5). He further alleges that he filed a grievance following the opening of his legal mail outside of his presence.

The Court will grant the motion to proceed *in forma pauperis* and screen the amended complaint pursuant to 28 U.S.C. § 1915A.

## II.   JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because Brockington alleges that all the events took place at the SCI-Coal Township in Northumberland County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## III.   STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Brockington is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F.

Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged.

*Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551

4

U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV.    DISCUSSION

### A.    ALL FIRST AMENDMENT CLAIMS WILL BE DISMISSED.

Brockington attempts to bring a First Amendment claim based on the alleged conduct of Murphy opening his legal mail with another inmate. (Doc. 1). In doing so, Brockington expresses concern about the confidentiality of his legal mail. (Doc. 1). Therefore, the court construes the complaint as Brockington attempting to raise his First Amendment claim based on a denial of access to the courts.

Asserting an actionable claim for denial of access to the courts requires a prisoner to allege that (1) they "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and (2) they have no available remedy for the lost claim other than the present denial of access action. *Rivera v. Monko*, 37 F.4th 909, 915 (3rd Cir. 2022) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3rd Cir. 2008)). Most significant is the nonfrivolous nature of the claim allegedly

lost. The lost claim must be "more than hope" in order to be deemed nonfrivolous. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

Brockington's alleged facts merely state that his legal mail was opened with an inmate to whom it was not addressed. (Doc. 1). He does not allege that he lost a chance to pursue any kind of claim or that he had no available remedy for the lost claim. Therefore, the First Amendment claim will be dismissed without prejudice.

B.    The Fourteenth Amendment Claim Will Be Dismissed.

In the complaint, Brockington raises a claim under the Fourteenth Amendment. (Doc. 1). The basis of the claim is unclear, but the Court construes it as either raising a claim alleging the loss of his legal mail, i.e. the loss of his property, or as a due process violation.

"Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). Adequate remedies were available here as Brockington was provided an opportunity to file an administrative grievance. *See Tillman v. Lebanon County Corr.,* 221 F.3d 410, 422 (3d Cir. 2000). To the extent Brockington is dissatisfied with the outcome of the administrative process, he may still file a state court tort action. *Hudson,* 468 U.S. at 535. Therefore, any Fourteenth Amendment claim premised on the loss of property will be dismissed.

The Fourteenth Amendment also provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. XIV. A Fourteenth Amendment due process claim requires that a liberty interest be at stake:

> Procedural due process rights are [only] triggered by deprivation of a legally
> cognizable liberty interest. For a prisoner, such a deprivation occurs when the

prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.E.2d 418 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement; and (2) whether the conditions of confinement were significantly more restrictive than those imposed upon other inmates in solitary confinement. *See id*. at 468, 115 S.Ct. 2293; *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000).

*Huertas v. Sec'y of Pa. Dep't of Corr*., 533 F. App'x 64, 66 (3d Cir. 2013). As the complaint is drafted, there is no liberty interest associated with the opening of legal mail. Brockington has not alleged that the opening of the mail outside his presence resulted in any lost ability to pursue his legal remedies. Therefore, all Fourteenth Amendment claims will be dismissed without prejudice.

C. A VIOLATION OF THE DEPARTMENT OF CORRECTIONS POLICY IS NOT EQUIVALENT TO A CONSTITUTIONAL VIOLATION

Brockington asserts that opening legal mail with the incorrect inmate is a violation of legal mail policy. (Doc. 1).

The court highlights that a violation of prison policy is not equivalent to a constitutional violation. It is axiomatic that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Seism*, 449 F. App'x 232, 235 (3d Cir. 2011) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"). Therefore, any claim stemming from the alleged violation of policy will be dismissed without prejudice.

7

D. ANY CRIMINAL CLAIMS WILL BE DISMISSED .

Brockington alleges that Murphy's action constituted a crime. (Doc. 1). However, private citizens lack standing to initiate criminal proceedings. *United States v. Wegeler*, 941 F.3d 665, 668 (3d Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, any attempts to raise criminal actions against Defendants in this civil complaint will be dismissed with prejudice.

**V.   CONCLUSION**

For the above stated reasons, the Court will grant Brockington's motions to proceed *in forma pauperis* and screen the complaint pursuant to Section 1915A. The Court will dismiss the complaint. The Court will grant Brockington leave to file an amended complaint to cure the pleading defects set forth above. *See Grayson*, 293 F.3d at 108. Any amended complaint will be titled "Amended Complaint" and will be filed under the above captioned case number.

An appropriate order follows.


**Dated: June 9, 2026**                                      *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **United States District Judge**